Erica J. Sullivan (SBN: 306466)
Daniel R. Forde (SBN: 248461)
**HOFFMAN & FORDE, ATTORNEYS AT LAW**
3033 Fifth Avenue, Suite 225
San Diego, CA 92103
Tel: (619) 546-7880
Fax: (619) 546-7881
esullivan@hoffmanforde.com
dforde@hoffmanforde.com

Attorneys for Plaintiff,
Jeffrey Sandler

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY SANDLER, an individual, <br><br> Plaintiff, <br> v. <br><br> EQUIFAX INC.; TRANS UNION LLC; and EXPERIAN INFORMATION SOLUTIONS, INC., TOYOTA MOTOR CREDIT CORPORATION ; <br><br> Defendant. | Case No.: **'16CV3066 AJB  AGS** <br><br> **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** <br><br> 1. **THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.; AND** <br> 2. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, ET SEQ.** <br><br> **[JURY TRIAL DEMANDED]** |

## INTRODUCTION

1. Plaintiff JEFFREY SANDLER ("Plaintiff"), through his attorneys, files this Complaint and brings this action against Defendants EQUIFAX INC. ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"),

- 1 -

1. TRANS UNION LLC ("Trans Union"), and TOYOTA MOTOR CREDIT CORPORATION ("TMCC") (collectively as "Defendants") with regard to Defendants' reporting of erroneous negative and derogatory reports to Plaintiff's credit report, as that term is defined by 15 U.S.C. § 1681a(g). Defendants' willful and negligent failure to properly investigate the dispute of Plaintiff concerning the inaccurate data Defendants are reporting in Plaintiff's file, and Defendants' failure to correct such, which Defendants knew or should have known were erroneous, caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

5. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

6. Unless otherwise stated, all the conduct engaged in by Defendants occurred in California.

**JURISDICTION AND VENUE**

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681i and 28 U.S.C. § 1367 for supplemental state claims.

COMPLAINT

8. This action arises out of Defendants' violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq.; and (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §§ 1785.1 et seq. ("CCCRAA").

9. Because Defendants conduct business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

### PARTIES

11. Plaintiff is a natural person who resides in the County of San Diego, in the State of California.

12. Plaintiff is a "consumer," as defined by 15 U.S.C. § 1681a(c).

13. Defendant Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

14. Defendant Equifax is a corporation incorporated in the State of Georgia.

15. Defendant Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

16. Defendant Trans Union is a limited liability company organized in the State of Delaware.

17. Defendant Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

18. Defendant Experian is a corporation incorporated in the State of Ohio.

19. Defendant TMCC is a corporation incorporated in the State of California.

20. Defendant TMCC is a furnisher of information as contemplated by FCRA §§ 1681s-2(a) & (b), which regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions and / or experiences with any consumer.

21. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## GENERAL FACTUAL ALLEGATIONS

22. At all times, relevant to this matter, Plaintiff was an individual residing within the State of California.

23. At all times, relevant to this matter, Defendants conducted business within the State of California.

## FACTUAL ALLEGATIONS RE: TOYOTA MOTOR CREDIT CORPORATION (ACCOUNT 7040336307902xxxx)

24. On or about October 2016, Plaintiff became aware that Experian, Equifax and Trans Union were reporting a continuing obligation owed to TMCC on Plaintiff's credit report.

25. On Plaintiff's credit report, Equifax is reporting this obligation owed to TMCC with a status of "Repossession," despite the fact that TMCC did not properly repossess the vehicle on this account, as it failed to notify Plaintiff of the repossession and subsequently disposed of the vehicle.

26. On Plaintiff's credit report, Trans Union is reporting this obligation owed to TMCC with a status of "Account Paid in Full, was a Repossession," despite the fact that TMCC did not properly repossess the vehicle on this account, as it failed to notify Plaintiff of the repossession and subsequently disposed of

the vehicle.

27. On Plaintiff's credit report, Experian is reporting this obligation owed to TMCC with a status of "Paid, Closed," and an account history of repossession for February 2015 through May 2015, despite the fact that TMCC did not properly repossess the vehicle on this account, as it failed to notify Plaintiff of the repossession and subsequently disposed of the vehicle.

28. Subsequently, Plaintiff disputed the inaccurate reporting of this trade line on Plaintiff's credit report with Experian, Equifax and Trans Union via written communications dated November 1, 2016.

29. Experian, upon receiving notice of Plaintiff's dispute, failed to respond entirely with respect to the disputed information, as required by the FCRA.

30. Trans Union, upon receiving notice of Plaintiff's dispute, failed to respond entirely with respect to the disputed information, as required by the FCRA.

31. Experian, Equifax, and Trans Union failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. § 1681i, which requires credit agencies to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information following a dispute filed with Experian, Equifax, and Trans Union by Plaintiff.  Experian, Equifax, and Trans Union's conduct is also in violation of 15 U.S.C. § 1681e, which requires the "maximum possible accuracy of the information" be contained in consumer's credit reports.

32. By inaccurately reporting account information relating to the debt after notice and confirmation of its errors, Defendants failed to take the appropriate measures as determined in 15 U.S.C. §§ 1681-s(2)(b)(1)(D) and (E).

33. TMCC has violated Cal. Civ. Code § 1785.25(a) by furnishing information to

COMPLAINT

Experian, Equifax, and Trans Union that TMCC knew or should have known was inaccurate.

34. As a result of Defendants' action and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials.  Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

## CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §§ 1681 ET SEQ.
## [AGAINST EQUIFAX, EXPERIAN, AND TRANS UNION]

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Defendants Experian, Equifax, and Trans Union willfully, recklessly, and negligently violated provisions of the FCRA.

37. Defendants Experian, Equifax, and Trans Union's violations include, but are not limited to, Defendants Experian, Equifax, and Trans Union's violation of 15 U.S.C. § 1681i, by failing to conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information following a dispute filed with Defendants Experian, Equifax, and Trans Union by Plaintiff.

38. Defendants Experian, Equifax, and Trans Union's conduct also violates 15 U.S.C. § 1681e, which requires the "maximum possible accuracy of the information" be contained in consumers' credit reports.

39. As a result of each and every negligent violation of the FCRA, Defendants

Experian, Equifax, and Trans Union are liable to Plaintiff in the sum of Plaintiff's actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's and costs fees, pursuant to 15 U.S.C. § 1681o(a)(2).

40. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages, or damages of not less than $100.00 and not more than $1,000.00, and such amount as the Court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C §1681n(a)(3).

## COUNT II

## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

### CAL. CIV. CODE § 1785.1 ET SEQ.

### [AGAINST DEFENDANT TMCC ONLY]

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

43. In the regular course of its business operations, Defendant TMCC routinely furnishes information to credit reporting agencies pertaining to transactions between TMCC and TMCC's consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

44. Because TMCC is a corporation, and is therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), TMCC is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if it knew or should have known that the

information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).  Since TMCC received notice that Plaintiff's accounts were reporting inaccurately, TMCC should have adjusted Plaintiff's accounts accordingly, but failed to do so.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendants:

45. For each incident of willful noncompliance:

   A. An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 per Plaintiff pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendants for each incident of willful non-compliance of the FCRA;

   B. An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of willful noncompliance of the FCRA;

   C. An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of negligent noncompliance of the FCRA;

   D. An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;

   E. An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against Defendant TMCC;

   F. Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against Defendant TMCC;

G. An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B) against Defendant TMCC;

H. For equitable and injunctive relief, pursuant to Cal. Civ. Code § 1785.31(b) against Defendant TMCC;

I. Any and all other relief the Court deems just and proper.

Dated: December 20, 2016

Respectfully submitted,
**HOFFMAN & FORDE**

_/s/ Erica J. Sullivan_
ERICA J. SULLIVAN
3033 Fifth Avenue, Suite 225
San Diego, CA 92103
P: (619) 546-7880
F: (619) 546-7881
E: esullivan@hoffmanforde.com

Attorneys for Plaintiff,
Jeffrey Sandler

//
//
//
//
//
//
//

## **TRIAL BY JURY**

46. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: December 20, 2016

Respectfully submitted,
**HOFFMAN & FORDE**

*/s/ Erica J. Sullivan*
ERICA J. SULLIVAN
3033 Fifth Avenue, Suite 225
San Diego, CA 92103
P: (619) 546-7880
F: (619) 546-7881
E: esullivan@hoffmanforde.com

Attorneys for Plaintiff,
Jeffrey Sandler